IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANY HUGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-02418-E |
| | § | |
| TRANS UNION, LLC, and | § | |
| RESOURCE ONE CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Trans Union, LLC's Motion to Dismiss Plaintiff's Complaint. (Doc. 14). Having considered the motion, the response and reply, and the applicable law, the Court concludes that the motion should be, and therefore is, **GRANTED.** Because Plaintiff's claims fail as a matter of law, Plaintiff's claims against Defendant Trans Union, LLC are **dismissed with prejudice.**

### I. BACKGROUND

On October 1, 2021, Plaintiff Brittany Huggins ("Plaintiff") filed this action against Trans Union, LLC, ("Trans Union") and Resource One Credit Union ("Resource One") alleging violations of the Fair Credit Reporting Act ("FCRA"). The following facts are alleged in Plaintiff's Original Complaint, (Doc. 1), and, at this stage, are accepted by the Court as true.[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss [courts] must take all

---

[1] In deciding Trans Union's motion to dismiss under Rule 12(b)(6), the Court construes the Complaint in the light most favorable to Plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

of the factual allegations in [a] complaint as true[.]") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 555 (2007)).

Plaintiff alleges that, in December 2020, her Trans Union credit report (the "Credit Report") indicated that she was 90 to 119 days late on payments to Resource One, from whom she had received a line of credit. Plaintiff alleges that this portion of the Credit Report was inaccurate and misleading because it also indicated that her Resource One account (the "Account") had a balance of zero. Plaintiff alleges "[t]he payment status field is specifically designed to be understood as the current status of the [A]ccount[,]" and that "the credit scoring algorithms specifically take this data field into account when calculating and generating a score." (Doc. 1, pg. 3, ¶ 13). Plaintiff alleges the information on her credit report was "materially misleading because it conveyed that Plaintiff was currently delinquent on her payments when that was not the case." (Doc. 1, pg. 3, ¶ 14). Plaintiff alleges that her credit score was negatively impacted by this allegedly inaccurate report.

On or around December 14, 2020, Plaintiff sent a dispute letter to Trans Union regarding the allegedly inaccurate information on the Credit Report. Trans Union notified Resource One of the dispute. Plaintiff alleges that, "[i]nstead of conducting a reasonable investigation, the Defendants verified the accounts as accurate and have continued to report the negative information, causing the Plaintiff harm." (Doc. 1, pg. 4, ¶ 20). Finally, Plaintiff alleges that "[a]t all pertinent time hereto, Equifax[2] and Transunion's [sic] conduct was willful and carried out in reckless disregard for a consumer's rights[.]" (Doc. 1, pg. 4, ¶ 22).

Plaintiff brings three claims under the FCRA: (1) a claim against Trans Union for failure to conduct adequate investigation into the accuracy of the disputed information under 15 U.S.C.

---

[2] The Court notes that Equifax is not a party to this suit and was mentioned at no other point in Plaintiff's Complaint

§ 1681i; (2) a claim against Trans Union for failing to follow reasonable procedures to assure maximum possible accuracy in a credit report pursuant to 15 U.S.C. § 1681e(b); and (3) a claim against Resource One for failing to adequately investigate the disputed information pursuant to § 1681s-2(b). Trans Union filed its Motion to Dismiss Plaintiff's Complaint, (Doc. 14), asking the Court to dismiss this matter in its entirety.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a claim "is implausible on its face when 'the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

### III.  ANALYSIS

**A.  Plaintiff Has Failed to State a Claim Against Trans Union for the Violation of 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i.**

To state a cause of action under 15 U.S.C. § 1681e(b), Plaintiff must adequately allege that: (1) inaccurate information was included in her credit report; (2) the inaccuracy was due to Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy; (3) Plaintiff suffered injury; and (4) Plaintiff's injury was caused by the inclusion of the inaccurate entry. *Hammer v. Equifax Info. Servs., LLC*, No. 3:18-CV-1502-C, 2019 WL 7602463 (N.D. Tex. Jan. 16, 2019), *aff'd sub nom. Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564 (5th Cir. 2020) (citing *Norman v. Experian Info. Sols., Inc.*, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013)); 15 U.S.C. § 1681e(b). To state a cause of action under 15 U.S.C. § 1681i, Plaintiff must adequately allege: (1) she "disputed the completeness or accuracy of an item of information" of her consumer filed at Trans Union and notified Trans Union directly of that dispute; (2) Trans Union "did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file" as proscribed by 15 U.S.C. § 1681i(a)(5) within the statutory period; (3) Trans Union's non-compliance was "negligent or willful;" (4) Plaintiff suffered injury; and (5) Plaintiff's injury was caused by Trans Union's "failure to reinvestigate and record the current status of the disputed information or delete the item from the file." *Id.* (citation omitted); 15 U.S.C. § 1681i. Thus, to state a claim under either § 1681e(b) or § 1681i, plaintiffs must plead facts that—if true—establish that their "consumer reports included inaccurate information." *Id.*

Trans Union contends that Plaintiff's Complaint should be dismissed because Plaintiff is unable to plead and prove that her credit report contained inaccurate information. (Doc. 15, pg. 9). The Fifth Circuit defines "inaccurate information" for the purposes of the FCRA as information that is either (1) "patently incorrect" or (2) "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). Plaintiff argues the credit report was materially misleading because the "Payment Status" field in the section of her Trans Union credit report relating to her account with Resource One inaccurately conveyed that she was "**currently** delinquent on payments" and not that she had been late on payments to Resource One in the past. (Doc. 19, pg. 6).

To counter this argument, Trans Union attached to its Motion to Dismiss, (Doc. 14), and its Brief in Support thereof, (Doc. 15), a copy of Plaintiff's credit report (the "Credit Report"). (Doc. 16-2). Trans Union argues the Court may consider the Credit Report it attached to its Motion to Dismiss because the Complaint explicitly references the Credit Report, and the accuracy of the Credit Report makes up the entirely of her claims. (Doc. 15, pg. 8). Here, Plaintiff made the Credit Report central to her claims when she based her entire suit on its accuracy and referenced the Credit Report throughout her Complaint. Thus, because Trans Union attached the Credit Report to the Motion to Dismiss, the Court concludes it may consider the Credit Report in determining whether Plaintiff has adequately alleged that it contained inaccurate information. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). For the reasons discussed below, the Court concludes Plaintiff has failed to adequately allege the Credit Report contained inaccurate information.

Trans Union argues that, when determining whether an account is accurately reported on a credit report, the account information must be considered in its entirety, rather than focusing on a single field of data. (Doc. 15, pg. 8,) (citing *Meeks v. Equifax Info. Servs., LLC*, No. 1:18-cv-03666-TWT-WEJ, 2019 WL 1856411, at *6 (N.D. Ga. March, 4, 2019), *report and rec. adopted*, 2019 WL 18564112, at *1)). On this issue, the Court agrees with Trans Union. Considering the account information in its entirety, the Court concludes the Credit Report did not report inaccurate information when considering the facts alleged in the Compliant. Below is a screenshot of Plaintiff's information regarding the Resource One account as reflected in the Credit Report on December 2, 2020.

| RESOURCE ONE FEDERAL CU # ▓▓▓▓▓▓ | | | | ( PO BOX 660077, DALLAS, TX 75266-0077, (214) 565-5330 ) | | | |
|---|---|---|---|---|---|---|---|
| Date Opened: | 06/28/2018 | | | Date Updated: | 12/11/2018 | Pay Status: | ›Account 90 Days Past Due Date‹ |
| Responsibility: | Individual Account | | | Payment Received: | $454 | Terms: | Monthly for 6 months |
| Account Type: | Installment Account | | | Last Payment Made: | 09/12/2018 | Date Closed: | 12/11/2018 |
| Loan Type: | SECURED | | | | | ›Maximum Delinquency of 90 days in 12/2018‹ | |
| High Balance: High balance of $500 from 07/2018 to 08/2018; $500 from 12/2018 to 12/2018 | | | | | | | |
| Remarks: CLOSED | | | | | | | |
| Estimated month and year that this item will be removed: 08/2025 | | | | | | | |

|  | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 |
|---|---|---|---|---|---|---|
| Balance | $0 | | | | $502 | $501 |
| Scheduled Payment | | | | | $86 | $86 |
| Amount Paid | $454 | | | | $0 | $0 |
| Past Due | | | | | $0 | $0 |
| Rating | 90 | 30 | OK | OK | OK | OK |

(Doc. 16-2., pg. 6). Plaintiff's argument that the account information above was inaccurate hinges on the fact that the "Pay Status" field reads "Account 90 Days Past Due Date" even though Plaintiff had paid the account's outstanding balance as of December 2020. However, the Credit Report indicates: (1) there was an account balance of $0.00 as of December 2018; (2) the account was last updated on December 11, 2018; (3) the account was closed on December 11, 2018; (4) a final payment of $454 was made in December 2018; and (5) the account had a "[m]aximum delinquency of 90 days in 12/2018[.]" (Doc. 16-2, pg. 6). Trans Union argues that this information—taken together—does not indicate that Plaintiff was 90 days late on payments to Plaintiff's Resource One account in December of 2020. (Doc. 15, pg. 12). The Court concludes the only "reasonable

reading" of the account information, in its entirety, is that Plaintiff was 90 days past-due on her Resource One account when she made her final payment in December of 2018, at which point the account was closed and no balance was owed.

This conclusion is supported by the abundance of federal courts that have concluded that reporting an account as closed, with a $0 balance, and a pay status indicating that final payment was late does not constitute "inaccurate information" under the FCRA. *See, e.g.*, *Ostrander v. Trans Union, LLC et al.*, No. 20-5227, 2021 WL 3271168 (E.D. Pa. Jul. 30, 2021) (dismissing FCRA claims where the credit report indicated that account in question: "(1) has a zero-dollar balance; (2) a pay status that reads '>Account 60 Days Past Due<'; (3) was last updated on December 1, 2013; (4) was last paid on December 13, 2013; and (5) was closed on December 1, 2013"); *Lacey v. Trans Union, LLC, et al.*, No. 8:21-cv-00519, 2021 WL 2917602, at *6 (M.D. Fla. July 12, 2021) (dismissing FCRA claims because credit report was not misleading when it indicated an account: (1) had a balance of $0; (2) was last updated on August 7, 2015; (3) was closed on August 7, 2015; (4) was 120 days past due as of August 7, 2015; and (5) was foreclosed with collateral sale); *Smith v. Trans Union, LLC*, No. 6:21-CV-349-GAP-LRH, 2021 WL 3111583, at *2 (M.D. Fla. July 1, 2021) (dismissing FCRA claims with prejudice because credit report was, as a matter of law, not misleading when it "show[ed] a pay status that is 60 days past due, but also show[ed] that the Account was fully paid off and closed, leaving a $0 balance"); *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, LLC, 512 F.Supp.3d 423, 426-27 (E.D.N.Y. 2021) (dismissing FCRA claims because credit report's "Pay Status" entry was, as a matter of law, not misleading when the report indicated that: (1) the account had a $0 balance; (2) the last payment was made in September 2018; (3) the account was last updated in October 2018; and (4) the account was currently closed); *Settles v. Trans Union, LLC*, No. 3:20-cv-00084, 2020 WL 6900302

(M.D. Tenn. November 24, 2020) ("The Court finds that the reported information, taken as a whole, is neither inaccurate nor materially misleading. The report provides payment history showing that Plaintiff was at least 120 days late each month from May 2013 to January 2014, states that the account was closed in February 2014, and does not provide any account payment information past that date."); *Alston v. Equifax Info. Servs.*, LLC, No. CIV.A. TDC-13-1230, 2014 WL 6388169 (D. Md. Nov. 13, 2014) (denying request for preliminary injunction because plaintiff failed to establish she would succeed on the merits of an FCRA claim where credit report indicated that her account (1) had a balance and "past due" of $0, and (2) a pay status of "over 120 days past due" because the only reasonable reading of the account information was that the "pay status" field reflected historical rather than current status—i.e., it was "intended to alert potential creditors that Alston had been over 120 days past due at some point during the history of the loan").[3]

The Court agrees with the reasoning in the above-cited cases. Considering the account information in its entirety—rather than looking solely at the "Pay Status" field as Plaintiff insists—the only reasonable reading of the Credit Report is that Plaintiff was at least 90 days late when she made her final payment to Resource One in December 2018, not that she was currently 90 days late in her payments as of December 2020. Plaintiff does not allege that she was not late on her payments to Resource One when she made her final payment in December 2018. Thus, Plaintiff does not allege facts showing that the Credit Report was either patently inaccurate or materially misleading.

Because Plaintiff has not alleged facts that—if true—establish the Credit Report was patently inaccurate or materially misleading, the Court must conclude that she "has failed to make

---

[3] *But see Macik v. JPMorgan Chase Bank, N.A.*, 2015 WL 12999728 (S.D. Tex. May 28, 2015), *report and recommendation adopted sub nom. Macik v. Trans Union, LLC*, 2015 WL 12999727 (S.D. Tex. July 31, 2015) (finding in favor of plaintiff on somewhat similar facts on a claim under 15 U.S.C. § 1682s-2(b) rather than under 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i).

the threshold showing of inaccuracy." *Gross*, 512 F.Supp.3d at 427. Accordingly, she has failed to state a claim under either § 1681e(b) or § 1681i of the FCRA. As such, the Court must conclude that Trans Union's motion to dismiss must be granted with respect to those claims, and the claims must be dismissed.

### B.  Plaintiff's Claims Against Trans Union Are Dismissed with Prejudice

A district court may dismiss claims with prejudice without giving a plaintiff the opportunity to amend if the court concludes that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). In other words, "[a] dismissal with prejudice is appropriate when amending a complaint would be futile." *Taubenfeld v. Hotels.com*, F.Supp.2d 587, 592 (N.D. Tex. 2004) (citing *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

The Court concludes that Plaintiff's claims against Trans Union should be dismissed with prejudice because she has pled her best case and amending her complaint would be futile. The Court has appropriately considered the content of the Credit Report and determined that it is not patently incorrect or materially misleading for the purposes of the FCRA given the fact that Plaintiff does not allege that she was late on her payments to Resource One as of December 2018. Thus, any amount of additional factual information Plaintiff were to include in a potential amended complaint would not overcome the fact that she cannot state a claim under either 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1861i against Trans Union for the information contained in the Credit Report regarding her Resource One account. The Court concludes that Plaintiff has pled her best case with respect to the claims and has come up short. As such, the Court concludes that Plaintiff's claims against Trans Union should be, and therefore are, dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Trans Union's Motion to Dismiss and **dismisses with prejudice** Plaintiff's claims against Trans Union (Count I—violation of 15 U.S.C. § 1681i; Count II—violation of 15 U.S.C. § 1681e(b)).[4]

**SO ORDERED:** May 10, 2023.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE

---

[4] While Trans Union requests that the Court "dismiss this matter in its entirety," no party—Trans Union, Resource One, or Plaintiff—has briefed the issue of whether Plaintiff has stated a claim against Resource One for the alleged violation of § 1681s-2(b) (Count III). As such, the Court's ruling is limited to the claims against Trans Union (Counts I and II).